UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMERA MANLEY,<br><br>        Plaintiff,<br><br>   v.<br><br>WALMART INC., an Arkansas corporation doing business in Washington as WALMART; 'JANE DOE' EMPLOYEE A and spouse; 'JANE DOE' EMPLOYEE B and spouse; 'JOHN DOE' EMPLOYEE C and spouse; and 'JANE DOE' EMPLOYEE D and spouse,<br><br>        Defendants. | NO.  3:23-cv-5858<br><br>NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT WALMART INC. (28 U.S.C. §1441(b))<br><br>Clallam County Superior Court Case No. 23-2-00212-05<br><br>*(Clerk's Action Required)* |

TO:        CLERK OF THE COURT;

AND TO:    PLAINTIFF'S COUNSEL OF RECORD.

## I.    RELIEF REQUESTED

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant WALMART INC. ("Walmart") hereby files this Notice of Removal, seeking to remove the above-captioned case from Clallam County Superior Court in Washington State to the United States District Court for the Western District of Washington at Tacoma ("District Court").

//

//

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT
WALMART INC. (28 U.S.C. §1441(b)) - 1

7799565.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

## II. STATEMENT OF FACTS

### 1. Underlying Incident

Plaintiff TAMERA MANLEY ("Plaintiff") alleges that on or about April 28, 2020, Plaintiff "slipped" and "fell onto her outstretched hand, arm, and shoulder" outside Walmart Store #2196, located at 3411 East Kolonels Way, Port Angeles, WA 98362 ("Port Angeles Walmart"), resulting in personal injury and other damages. *See* Declaration of Ashley M. Langley ("Langley Decl."), attached hereto as **Exhibit A**; *see also* Summons and Complaint, attached hereto as **Exhibit B.**

### 2. Relevant Procedural Facts

Plaintiff filed a Complaint in the Superior Court of Washington for Clallam County on April 6, 2023. *See* Ex. B. Plaintiff served Walmart with a copy of the Summons and Complaint on April 6, 2023. *See id*. Upon information and belief, Plaintiff resides in Clallam County, Washington. *Id*. Walmart is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

The Complaint does not contain a statement of damages sought (in compliance with RCW 4.28.360) and is vague with respect to the nature and/or extent of the injuries allegedly sustained and does not say what type of injury Plaintiff sustained. *See generally* Ex. B.

On April 14, 2023, Walmart served Plaintiff with an RCW 4.28.360 Request for Statement of Damages ("RSD") and First Set of Interrogatories and Requests for Production of Documents and Requests for Admission ("initial written discovery"). *See* RSD and Plaintiff's Response, attached hereto as **Exhibit C.** On July 19, 2023, Plaintiff, by and through her counsel of record, responded to Walmart's RSD, claiming over $33,500 in past medical expenses alone, $3,424.00 in wage loss, plus currently undefined additional money damages for future medical expenses. *See* Ex. C. In addition, Plaintiff responded to Walmart's RSD by claiming that she has incurred general damages "without a specific 'amount' in mind." *Id*. At

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT WALMART INC. (28 U.S.C. §1441(b)) - 2

7799565.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

the same time, Plaintiff responded, "[h]owever, Plaintiff has proffered a settlement offer, which was sent to your office on or around April 5th. A settlement negotiation based on those offers is appropriate." *Id*. The undersigned counsel never received Plaintiff's *pre-suit* demand, supposedly sent on April 5, 2023, so the undersigned counsel requested a copy following receipt of Plaintiff's Response to Walmart's RSD. Langley Decl., at ¶ 7. On August 21, 2023, Plaintiff's counsel provided a copy of Plaintiff's *pre-suit* demand and confirmed that Plaintiff's *current* settlement demand is for $450,000—the same amount demanded in Plaintiff's *pre-suit* demand. Langley Decl., at ¶ 8.

### III.   STATEMENT OF ISSUE

Whether this case may be properly removed to federal court where (A) Plaintiff's statement of damages, including the referenced demand, served in the state court matter plausibly establishes that the amount in controversy exceeds the jurisdictional threshold of $75,000; (B) there is total diversity on the face of the Complaint; and (C) Walmart is seeking to remove within 30 days of service of the aforementioned statement of damages, including the referenced demand, on Walmart.

### IV.   EVIDENCE RELIED UPON

This motion is based upon the records and pleadings on file with the Court and the Declaration of Ashley M. Langley, Esq., attached hereto as Exhibit A.

### V.   ARGUMENT

A. **This Case Is Removable Under 28 U.S.C. § 1332, Through Which This Court Has Original Jurisdiction Over The Lawsuit Filed By Plaintiff In Clallam County Superior Court**

The district courts shall have original jurisdiction of all civil actions where (1) the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4), and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy can either be evident "on the face" of the Complaint or ascertained via some

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT WALMART INC. (28 U.S.C. §1441(b)) - 3

7799565.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

later pleading(s) or "other paper" in the record of the state court proceeding. *See* 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (2005). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding or discovery responses shall be treated as 'other paper' under subsection (b)(3)." 28 U.S.C. 1446(b)(3).

When and how removability is "ascertainable" matters with respect to whether removal is timely under 28 U.S.C. § 1446. There are, generally speaking, two viable "removal periods." *See Harris*, 425 F.3d at 694. [1] A defendant has 30 days to remove a case if the removability of the case is evident on the face of the complaint, *or* [2] a defendant has 30 days beyond some later period from which it first becomes ascertainable that the case is removable. *See id.* ("[T]he first thirty-day requirement [to remove] is triggered by the defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives ['other paper'] from which it can be ascertained…that removal is proper.") (internal citations omitted). The receipt of information "relating to" the amount in controversy in responses to discovery, that sheds light on the nature and extent of damages, can be a triggering event. *Accord* 28 U.S.C. 1446(b)(3).

In this case, diversity between the parties is evident on the face of the Complaint. The amount in controversy was not apparent on the face of the Complaint, nor ascertainable from the Complaint allegations; however, information that Walmart received in response to its Request for Statement of Damages has made it reasonably plausible and/or ascertainable that the amount in controversy in this matter is in excess of $75,000. Finally, insofar as Walmart is filing this Notice of Removal within 30 days of service of the subject information, Walmart's Notice is timely, and this case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332.

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT WALMART INC. (28 U.S.C. §1441(b)) - 4

7799565.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1. <u>There Is Diversity Between The Parties</u>

According to the Complaint, Plaintiff is a Clallam County, Washington resident.  Ex. B at ¶1.1.  Thus, Plaintiff is a "citizen of" Washington State.  Walmart Inc. is (a) incorporated in Delaware, and (b) its principal place of business is in Arkansas.  Thus, Walmart is a "citizen of" either Delaware or Arkansas, <u>*but not*</u> Washington State.  *See* 28 U.S.C. 1332(c)(1) (explaining how to determine corporate citizenship).  Based on the foregoing, there is total diversity between these parties as described in 28 U.S.C. 1332(a)(1).

2. <u>The Amount Is Controversy Is Plausibly In Excess Of $75,000</u>

Plaintiff did not claim a sum certain in her Complaint or put any numerical value on her alleged damages.  However, in response to Walmart's RCW 4.28.360 Statement of Damages, Plaintiff has claimed over $33,500 in past medical expenses alone, $3,424.00 in wage loss, plus currently undefined additional money damages for future medical expenses.  *See* Ex. C.  In addition, Plaintiff responded to Walmart's RSD by claiming that she has incurred general damages "without a specific 'amount' in mind."  *Id*.  At the same time, Plaintiff responded, "[h]owever, Plaintiff has proffered a settlement offer, which was sent to your office on or around April 5th.  A settlement negotiation based on those offers is appropriate."  *Id*.  The undersigned counsel never received Plaintiff's *pre-suit* demand, supposedly sent on April 5, 2023, so the undersigned counsel requested a copy following receipt of Plaintiff's Response to Walmart's RSD.  Langley Decl., at ¶ 7.  On August 21, 2023, Plaintiff's counsel provided a copy of Plaintiff's *pre-suit* demand and confirmed that Plaintiff's *current* settlement demand is for $450,000—the same amount demanded in Plaintiff's *pre-suit* demand.  Langley Decl., at ¶ 8. Based on this information, Walmart can conclude that the amount in controversy in this matter is more than $75,000, exclusive of interest and costs.

//

//

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT WALMART INC. (28 U.S.C. §1441(b)) - 5

7799565.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

### 3. Walmart's Notice Of Removal Is Timely

Walmart is filing this Notice within 30 days of service of discovery in the state court action revealing the nature and extent of Plaintiff's claimed injuries; therefore, this Notice is timely under 28 U.S.C. § 1446(b)(1).

## B. Walmart's Notice Of Removal Complies With All Applicable Federal Procedural Rules Attendant To Removal

### 1. Both The Federal And State Courts Are On Properly Notice Of This Removal Action

This Notice is properly filed in the United States District Court for the Western District of Washington because this Court embraces Clallam County, the county in which the state court action is now pending. *See* 28 U.S.C. §§ 128(b) and 1441(a).

Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk of the Clallam County Superior Court and is also serving a copy of this Notice on Plaintiff's counsel of record in the state court action.

### 2. All State Court Records and Proceedings Have Been Provided With This Removal Petition

Walmart has filed and/or otherwise provided true and complete copies of all records and proceedings filed in the state court proceeding being removed by virtue of this petition. These documents/exhibits constitute the entirety of the records and proceedings filed in Clallam County Superior Court as of the date of filing this Notice. True and complete copies of all pleadings, records, and documents filed in the state court action are attached hereto as **Exhibit D**.

## VI. CONCLUSION

Walmart hereby removes this matter from the Clallam County Superior Court to the United States District Court for the Western District of Washington at Tacoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. By seeking removal, Walmart does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT WALMART INC. (28 U.S.C. §1441(b)) - 6

7799565.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1   DATED this 20th day of September, 2023.

*s/Ashley M. Langley*
Eddy Silverman, WSBA # 53494
Ashley M. Langley, WSBA # 54032
Attorneys for Defendant Walmart Inc.
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
esilverman@williamskastner.com
alangley@williamskastner.com

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT WALMART INC. (28 U.S.C. §1441(b)) - 7

7799565.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on the 20th day of September, 2023, I caused the foregoing to be filed through the USDC Western District of Washington CM/ECF system.

Further, I hereby certify under penalty of perjury under the laws of the State of Washington that on the 20th day of September, 2023, I caused a true and correct copy of the foregoing to be served on the parties and in the manner indicated below:

| | |
|---|---|
| WOLFLEY & WOLFLEY, P.S.<br>Joseph B. Wolfley, WSBA #44782<br>713 East 1st Street<br>Port Angeles, WA 98362-3604<br>Phone: (360) 457-2794<br>Fax:    (360) 457-2045<br>Email: Joseph@WolfleyLawOffice.com<br><br>***Counsel for Plaintiff*** | Via CM/ECF and Email |

DATED this 20th day of September 2023.

*s/Ryan McDade*
Ryan McDade, Legal Assistant
rmcdade@williamskastner.com

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT WALMART INC. (28 U.S.C. §1441(b)) - 8

7799565.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600