UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMERA MANLEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WALMART INC.; JANE DOE EMPLOYEE A; JANE DOE EMPLOYEE B; JANE DOE EMPLOYEE C; JANE DOE EMPLOYEE D,<br><br>　　　　Defendant. | Case No. 3:23-cv-05858-TMC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

## I.  INTRODUCTION

Before the Court is Plaintiff Tamera Manley's ("Manley") motion to remand this case to state court. Dkt. 10. Because Defendant Walmart Inc. ("Walmart") has not met its burden to prove that removal was timely, the Court GRANTS the motion. The Court DENIES Plaintiff's request for attorney's fees and motion to strike.

## II.  BACKGROUND

According to the complaint filed in Clallam County Superior Court, Plaintiff Tamera Manley slipped and fell in the parking lot of the Port Angeles, Washington Walmart on April 28, 2020. Dkt. 2-1 at 2–4. Manley alleges she fell due to Walmart's negligence in placing smooth

tape on the walkway that became slippery in the rain. *See id.* As a result of her fall, Manley broke her left arm at the shoulder and suffered other injuries. *Id.* at 4.

Nearly three years later, as the statute of limitations approached, Manley's counsel mailed a demand letter "on or around April 5, 2023" via first class mail to Walmart Claims Services. Dkt. 12 at 2. The letter itself is dated April 5, 2023, and it contained a detailed description of Manley's pain and suffering along with an opening settlement demand of $450,000. *Id.* at 3, 9. The letter closed by informing the recipient: "We must file in order to maintain [Manley's] claim." *Id.* at 9.

The next day, April 6, Manley's counsel filed and served her lawsuit in state court. *See* Dkt. 2-1; Dkt. 13 at 2 ("Plaintiff served Walmart with a copy of the summons and Complaint on April 6, 2023."). Consistent with state law, the complaint itself did not state an amount of damages sought. *See* Dkt. 2-1; RCW 4.28.360. Counsel for Walmart appeared in the lawsuit on April 13, 2023 and promptly served discovery requests, including a request for a statement of damages. Dkt. 2-3.

Manley provided interrogatory responses on June 5, 2023 that identified $33,507.09 in special damages and described her pain and suffering but did not claim a specific amount in general damages. *See* Dkt. 14-3 at 15–16; Dkt. 13 at 4. Manley did not respond to the request for a statement of damages until July 19, 2023. *See* Dkt. 14-2 at 5. That response identified $36,931.09 in special damages and stated that Manley did not have a specific amount she planned to seek in general damages. *See id.* at 2–5. It also noted that Manley had sent a settlement offer "on or around April 5th" and that demand could be used for settlement negotiations. *Id.* at 5.

Walmart's counsel responded on August 2, 2023 by asking for a copy of the April 5th demand. Dkt. 11 at 4. Manley's counsel provided the copy on August 21, 2023, Dkt. 14 at 2, and

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 2

Walmart filed its notice of removal on September 20, 2023, within 30 days of receiving that copy. Dkt. 1. Manley filed a motion for remand objecting that the notice was untimely. Dkt. 10.

In opposition to the motion for remand, Walmart's counsel repeatedly states that "the undersigned counsel" never received the "pre-suit" demand letter. *See, e.g.*, Dkt. 14 at 2. Walmart also notes the demand letter was "purportedly" sent to Walmart Claims Services rather than Walmart's registered agent for service. Dkt. 13 at 5 n.3. But Walmart has not submitted any evidence (such as documents or an affidavit) as to whether or when Walmart itself actually received the demand letter—information that should be within its possession or control. Instead, the only evidence on this point before the Court is the sworn declaration from an assistant in plaintiff's counsel's office that (1) she sent the letter via first-class mail to Walmart Claims Services on or around April 5, 2023; (2) the letter was not returned; and (3) her office has "always been able to serve Walmart with settlement negotiation letters successfully in the past." Dkt. 12 at 2.

### III.    DISCUSSION

#### A.    Legal Standard

A district court may exercise jurisdiction over a case when more than $75,000 is in controversy and all plaintiffs are of diverse citizenship from all defendants. 28 U.S.C. § 1332(a). An action commenced in state court is removable to federal court if the federal court has original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of proving federal jurisdiction and federal courts strictly construe the removal statute against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The removing party also bears the burden of proving federal jurisdiction in any opposition to a motion for remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244

(9th Cir. 2009). Federal jurisdiction is not proper if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant seeking to remove a case to federal court must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading" if the initial pleading states a removable case. 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within [thirty] days after *receipt by the defendant, through service or otherwise*, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). Although the statutory time limit for removal is not itself jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

> **B. Walmart has not shown its notice of removal was timely because it has not addressed whether or when it received actual notice of the demand.**

Manley does not seriously dispute that, if Walmart's notice of removal was timely, this case meets the requirements for diversity jurisdiction: the parties are citizens of different states and the amount in controversy exceeds $75,000. Instead, Manley argues the notice of removal was untimely because the amount in controversy was apparent either (1) from the face of the complaint filed and served on April 6, 2023; or (2) from the demand letter Manley's counsel mailed to Walmart Claims Services on or around April 5, 2023, more than five months before the notice of removal. Dkt. 10 at 4–6. According to Manley, Walmart must have received the demand letter in early-to-mid April 2023, shortly after the lawsuit was filed, and Walmart needed to file its notice of removal within 30 days of that receipt. *Id.* at 6; Dkt. 11 at 2. Walmart agrees that the contents of the demand letter are what triggered the 30-day clock for filing the notice of

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 4

removal, but it disagrees on the timeline; according to Walmart, that clock did not start running until Walmart's litigation counsel received the copy of the demand letter provided by plaintiff's counsel on August 21, 2023. Dkt. 13 at 11–13.

As an initial matter, the Court agrees with Walmart that Manley's first argument is unpersuasive. To trigger the first 30-day period for removal under 28 U.S.C. § 1446(b)(1), removability must be apparent "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The case as "stated by the initial pleading" must be "removable on its face." *Id.* Here, Manley's complaint stated only that she "fell onto her outstretched hand, arm, and shoulder" and "broke her left humerus at the shoulder." Dkt. 2-1 at 7. Even if the substance of factual allegations without a claim for an amount of damages can establish removability, these allegations do not meet that threshold.

But with respect to the demand letter, Manley has the more persuasive argument. The plain language of 28 U.S.C. § 1446(b)(3) states that "a notice of removal may be filed within 30 days after" after four basic requirements have been met: (1) "receipt"; (2) "by the defendant"; (3) "through service or otherwise"; (4) "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Ninth Circuit has held that a demand letter may constitute "other paper" from which removability may be ascertained "if it appears to reflect a reasonable estimate of the plaintiff's claim." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007). Manley does not challenge removability based on the amount contained in the demand letter or its reasonableness.

Instead, the relevant question is whether and when Walmart received the demand letter, "through service or otherwise." 28 U.S.C. § 1446(b)(3). Walmart focuses on the day the letter

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 5

was mailed—April 5, 2023, the day before Manley filed and served her lawsuit—to characterize the letter as a "pre-suit" demand that cannot trigger removability under *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885–86 (9th Cir. 2010). But in *Carvalho*, the demand letter was "received by the defendant months before receipt of the initial pleading," *id.* at 885, and the defendant of course could not remove the lawsuit before it had been filed. The Ninth Circuit's holding in *Carvalho*—consistent with the plain language of the statute—focuses on when the defendant *received* the "other paper" establishing removability: "[W]e conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." *Id.* at 886.

The record here does not show with certainty when Walmart received the demand letter mailed on April 5, 2023. But that is because Walmart has chosen not to submit any evidence addressing that question. Instead, Walmart's evidence in support of its opposition to remand establishes only that its litigation counsel did not receive a copy of the letter until August 21, 2023, and that the letter was not mailed to its registered agent for service. *See* Dkt. 14 at 2. But the plain language of the statute shows that actual "receipt" of the "other paper" by "the defendant" itself is enough, and that receipt may happen "by service *or otherwise*." 28 U.S.C. § 1446(b)(3). Walmart simply does not address the issue of actual receipt.

If Walmart had submitted evidence showing either that it never received the demand letter before August 21, 2023, or that it received the demand letter before receiving Manley's complaint, it would prevail on this motion. But without any evidence from Walmart on the relevant question of receipt, the only evidence before the Court is the declaration from the assistant to Manley's counsel, who states under oath that she sent the letter via first-class mail to Walmart Claims Services on or about April 5, 2023; the letter was not returned; and she had successfully sent settlement negotiation letters to Walmart before. Dkt. 12 at 2. The only

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 6

reasonable inference to draw from this evidence is that Walmart did in fact receive the demand letter at some point after the lawsuit was filed and served on April 6, 2023 but before August 21, 2023. Moreover, it is Walmart's burden to show it has met all the requirements for removing this case to federal court; it cannot rely on the absence of evidence that should be available to it to establish timeliness.[1]

C.   **Manley is not entitled to attorney's fees.**

Manley's counsel requests attorney's fees for the time spent filing the motion for remand. Dkt. 10 at 6–7. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorney's fees under § 1447(c) "is left to the district court's discretion" and is not automatic. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. Here, the Court finds Walmart had an objectively reasonable basis for seeking removal given the diversity of the parties and the amount in controversy. Walmart's failure to demonstrate that removal was timely stems, at most, from a lack of communication between Walmart and its litigation counsel, not an unreasonable basis for believing that removal was permitted.

---

[1] Walmart argues that it "set about diligently eliciting additional discovery or 'other paper' from Plaintiff, expressly seeking information concerning the amount in controversy" and suggests that Manley's delay in responding to discovery was an attempt to obfuscate removability or conceal the existence of the demand letter. Dkt. 13 at 11–12. The record does not support Walmart's allegation of "dilatory intent." *Id.* at 12. The record shows no reason to believe that Manley's counsel intended anything other than for the detailed demand letter—containing exhibits, a detailed description of pain and suffering, and a demand well in excess of $75,000—to be received by Walmart within a few days of filing the lawsuit.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 7

The Court also denies Manley's motion to strike the demand letter from the record. Dkt. 10 at 1–2. As explained above, demand letters may be considered for establishing the amount in controversy. *Babasa*, 498 F.3d at 975.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand this case to state court. The Court DENIES Plaintiff's motion to strike and request for attorney's fees. The Court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this action are REMANDED to the Superior Court of Clallam County, Washington;

2. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this Order to the Clerk for the Superior Court of Clallam County, Washington;

3. The Clerk shall transmit the record herein to the Clerk for the Superior Court of Clallam County, Washington;

4. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington; and

5. The Clerk shall CLOSE this case.

Dated this 30th day of November, 2023.

Tiffany M. Cartwright
United States District Court Judge